(21 Misc. Rep. 644.)

### CONNELL v. ALEXANDER et al.

### MURTHA v. SAME.

(Supreme Court, Appellate Term. November 24, 1897.)

PARTNERSHIP—LIABILITIES—CONTRACTS OF INDIVIDUAL MEMBERS.

    Defendant C. made an agreement with the other defendants, including A., by which A., a lessee of a plot of land on Riverside Drive, leased the same to C., who agreed at his own expense to erect, and subsequently remove, reviewing stands thereon for renting at the dedication of the Grant Tomb, and to furnish all materials and labor. And it was further agreed that

the gross receipts were to be employed first to repay all the expenses; the net balance to be divided in certain shares among A. and C., and also the other defendants, for their services in selling tickets, etc.; all the materials used in the construction of the stand to be at all times the property of C. Certain mechanics thereafter employed in this work by C. assigned their claims to plaintiffs, who brought these actions on the theory that said agreement rendered all the defendants jointly liable as co-partners. *Held* that, even assuming a co-partnership, the defendants other than C. were not liable, for the expense was incurred by C. merely in providing what he was to contribute as his share.

Appeal from district court.

Actions by John Connell and John Murtha against Howard T. Alexander and others. From a judgment in favor of plaintiffs, defendants other than defendants Allen and Chatterton appeal. Reversed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

George S. Coleman and Eustis, Foster & Coleman, for appellants. Sidney J. Cowen, for respondents.

DALY, P. J. The plaintiffs are the assignees of certain mechanics who performed work in erecting reviewing stands on the Riverside Drive and 119th street in April, 1897, in preparation for the ceremonies and procession upon the dedication of the Tomb of General Grant. The question presented in the case is as to the liabilities of the appellants for the work upon the stand, which was concededly ordered by the defendant Chatterton. The claim of the plaintiffs is that the other defendants were his co-partners, and that all were jointly liable for the expense attendant upon the erection of the stand. It appears that Chatterton was not held out by his co-defendants as a partner or agent, and that the work was done upon his individual order, and upon his individual credit. There is no dispute as to the relation subsisting between Chatterton and the co-defendants, since it is fixed by the original agreement, which is as follows:

"Memoranda of agreement made this 19th day of April, 1897, by and between Walter S. Chatterton, of the city, county, and state of New York, party of the first part, hereinafter called the 'first party,' and Howard T. Alexander and Vaughn M. Coyne, both of the city of Elizabeth, state of New Jersey, and Charles D. Allen and Frederick H. Tackaberry, both of the city, county, and state of New York, parties of the second part, hereinafter called the 'second party.' Whereas, the said Charles D. Allen, one of the parties of the second part, has heretofore leased from the owners a plot of land on the northeasterly corner of Riverside Drive and 119th street, with a frontage of 354 feet six inches (three hundred and fifty-four feet and six inches) on Riverside Drive, and running easterly from the easterly side of Riverside Drive to the westerly side of Clarmont avenue; and whereas, the first party desires to erect a grand stand on the front part of said premises for the accommodation of persons wishing to review the parade on the occasion of the dedication of the Grant Monument, on April 27th, 1897; and whereas, the said Allen has leased the premises above described to the first party for the purpose aforesaid, the term of said lease being from the date of this agreement to and including the 6th day of May, 1897; and whereas, the other parties of the second part, the said Howard T. Alexander and Vaughn M. Coyne and Frederick H. Tackaberry, have rendered services in securing the said lease for the said Chatterton, and will render other services as herein pro-

vided: wholly now, therefore, this agreement witnesseth, that the parties hereto, for and in consideration of the mutual covenants and agreements herein contained, do mutually covenant and agree each with the other in manner following, that is to say:

"First. The first party, in consideration of the lease of the said premises, hereby covenants and agrees that he will erect upon the said premises a grand stand built in compliance with the requirements of the building department of the city of New York, and with seating capacity for approximately 8,000 persons, and will have the same in readiness before the morning of the 27th day of April, 1897, and will take down so much of the Van Buren signboard now in front of the said premises as may be necessary, and will restore the said signboard to as nearly as possible its present condition as promptly as possible after April 27th, 1897. The cost of material and labor and all of the expenses incurred in erecting the said stands and taking down and replacing the said signboard to be assumed by the first party, but to be repaid to him out of the gross receipts from the sale of seats and other privileges on said stand as hereinafter provided.

"Second. The said C. D. Allen hereby confirms the oral lease of the said premises heretofore made by him to the said first party for the purpose aforesaid for a term beginning on the day of the date of this instrument, and expiring on the 6th day of May, 1897.

"Third. The remaining parties of the second part, the said Alexander, Coyne, and Tackaberry, hereby covenant and agree to use their best endeavors to sell seats and other privileges on said stand, and in general to further the interests of all the parties to this agreement in every way possible and legitimate.

"Fourth. Out of the gross receipts from the sale of seats and other privileges in connection with said stand there shall be paid—First, the cost of the lumber, other materials, labor, and all other expenses incurred by the first party in and about the erection of the said stand, and in taking down and replacing the said Van Buren signboard; second, the expenses of ushers, police, watchmen, and other attendants in and about the said stand prior to and on the day and night of the said parade; third, all cost of advertising and all other incidental expenses incurred by any of the parties hereto in connection with the premises. The balance of the gross receipts shall constitute the net profits, and shall be divided in the manner following, that is to say: 42½ per cent. thereof shall belong and be paid to the party of the first part for compensation for his services in building and supervising the said stand; 20 per cent. thereof shall belong and be paid to the said Allen as compensation for the lease of said premises; and 12½ per cent. thereof shall belong and be paid to each of the relating parties hereto, the said Alexander, Coyne, and Tackaberry, as compensation for their services heretofore rendered and to be rendered in connection with the premises.

"Fifth. The said Frederick H. Tackaberry shall act as treasurer for the parties hereto. That all money received from the sale of seats and other privileges in connection with the said stand shall be turned over to the said treasurer, and that all expenses in connection therewith shall be paid by the said treasurer, upon vouchers duly approved by Walter S. Chatterton and Howard T. Alexander.

"Sixth. The sale of seats and all other privileges and all advertising shall be under the supervision and charge of the said parties of the second part, on such terms and conditions as shall be expressly agreed upon between the first party and the said Tackaberry; it being understood that the said Chatterton and Tackaberry shall be the managers for and on behalf of all parties hereto. Any and all seats or boxes taken or reserved by any of the parties hereto shall be paid for at the scheduled prices upon the settlement under this agreement.

"Seventh. A settlement under this agreement shall be made on the 28th day of April, 1897, at the office of Messrs. Alexander and Tackaberry, No 34 Water St., New York City, at twelve o'clock noon on that day.

"Eighth. It is further mutually covenanted and agreed that all lumber and other materials used in the construction of said stand shall at all times belong to, and be the property of, the first party, and that said first party shall as promptly as possible after April 27th, 1897, at his own expense, take down the said stand, remove all lumber and other material; and clear up the premises, and restore them as nearly as possible to the condition in which they were before the erection of said stand.

"Ninth. Until all costs and expenses of construction are repaid to the first party, no other expenses shall be paid out of the funds in the treasurer's hand.

"In witness whereof the parties hereto have hereunto set their hands and seals the day and year first above written.

| | |
|---|---|
| W. S. Chatterton. | [Seal.] |
| "F. H. Tackaberry. | [Seal.] |
| "H. T. Alexander. | [Seal.] |
| "Chas. D. Allen. | [Seal.] |
| "Vaughn M. Coyne. | [Seal.] |

"Witness as to W. S. Chatterton: W. J. Katte."

The claims of the plaintiffs in these cases are substantially like those in the cases of Dooner v. Haws (decided at this term) 47 N. Y. Supp. 1112. It is held in those cases that the plaintiffs were not entitled to recover against Haws, the alleged co-partner of Chatterton, for work done upon the latter's individual order and credit, in erecting the stand, which were to be his contribution to the joint venture of himself and Haws. In the present cases it may be claimed that a co-partnership was created by the agreement above set forth between Chatterton and the appellants, Alexander, Coyne, and Tackaberry. But, if there were such a co-partnership, it would seem that the stands were to be erected by Chatterton on his own account, and to be contributed as his share to the firm; and, upon the authorities cited in the cases of Dooner v. Haws, the appellants, if co-partners, would not be liable to the plaintiffs for the expenses so incurred by Chatterton. They did not hold him out as their agent, nor by any act of theirs suffer him to assume any authority on behalf of the firm, nor did he do so; and the agreement between the parties expressly provides that the cost of material and labor, and all of the expenses incurred in erecting the stand, were to be assumed by Chatterton, and repaid to him out of the gross receipts. As the plaintiffs do not seek to hold the appellants liable upon any other ground than the obligations which they assumed under the written agreement in question, it would seem that the provision in question, by which he was to assume the whole expense of building the stands, and to be reimbursed for his outlay from the receipts, is conclusive against the plaintiffs upon the principles observed in the cases above cited. There are many differences between the contract in those cases and in the present one; one of the most significant being that all the material used in the construction of the stand should at all times belong to, and be the property of, Chatterton,—so that his contribution to the co-partnership, if any there were, was only the use of the stand. His associates, therefore, cannot, upon any principle, be made liable for the expense of erecting it.

Judgment reversed, and a new trial ordered; costs to abide event in each case. All concur.